Yang v. Barr
BIA
Hom, IJ
A206 570 476

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of August, two thousand twenty.

PRESENT:
        ROBERT A. KATZMANN,
            *Chief Judge,*
        RICHARD J. SULLIVAN,
        STEVEN J. MENASHI,
            *Circuit Judges.*

_____

JIE YANG,
        *Petitioner,*

    v.                            **18-3000**

                                                **NAC**

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Dehai Zhang, Flushing, NY.

FOR RESPONDENT:        Joseph H. Hunt, Assistant
                          Attorney General; Claire L.
                          Workman, Senior Litigation
                          Counsel; Rosanne M. Perry, Trial
                          Attorney, Office of Immigration
                          Litigation, United States

Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jie Yang, a native and citizen of the People's Republic of China, seeks review of a September 28, 2018 decision of the BIA affirming an October 2, 2017 decision of an Immigration Judge ("IJ") denying Yang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jie Yang*, No. A206 570 476 (B.I.A. Sep. 28, 2018), *aff'g* No. A206 570 476 (Immig. Ct. N.Y.C. Oct. 2, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). "We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard, which requires that they be supported by reasonable, substantial[,] and probative evidence in the record when considered as a whole." *Hong Fei Gao v. Sessions*,

2

891 F.3d 67, 76 (2d Cir. 2018) (internal quotation marks omitted). And we review the agency's rulings establishing and enforcing filing deadlines for abuse of discretion. *See Dedji v. Mukasey*, 525 F.3d 187, 191 (2d Cir. 2008).

Adverse Credibility Determination

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements . . . [and] the internal consistency of each such statement . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim . . . ." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's determination that Yang was not credible as to her claim that family planning officials forced her to terminate a pregnancy under China's family planning policy.

The agency reasonably relied on a series of

inconsistencies between Yang's testimony and other evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Yang asserted in her written statement that, after family planning officials pressured her with social security and educational restrictions, she "hopelessly" went to the hospital to obtain an abortion. Certified Admin. Rec. at 177. That statement was inconsistent with her later testimony that family planning officials physically forced her from her home after an altercation and took her to the hospital to have an abortion. Additionally, Yang's statement and testimony that she had been pregnant twice and forced to have one abortion was inconsistent with her medical records, which stated that Yang had been pregnant five times, had given birth once, and had three abortions. The agency also did not err in relying on Yang's failure to mention in her written statement that her husband was at their home when the family planning officials forcibly removed her, that he had engaged in a physical altercation with the officials while pleading with them not to take her, and that he accompanied her to the hospital. *See Hong Fei Gao*, 891 F.3d at 78–79 ("[I]n assessing the probative value of the omission of certain facts, an IJ should consider whether those facts are ones

4

that a credible petitioner would reasonably have been expected to disclose under the relevant circumstances."). Yang could not compellingly explain these inconsistencies and omissions. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for h[er] inconsistent statements to secure relief; [s]he must demonstrate that a reasonable fact-finder would be *compelled* to credit h[er] testimony." (internal quotation marks omitted)); *see also Likai Gao v. Barr*, No. 18-358, 2020 WL 4290009, at *4 n.8 (2d Cir. July 28, 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find h[er] credible. Multiple inconsistencies would so preclude even more forcefully.").

Having questioned her credibility, the IJ reasonably relied on Yang's failure to rehabilitate her testimony with reliable corroborating evidence. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). As the IJ concluded, Yang

failed to timely submit any evidence corroborating her claim that she was forced to undergo an abortion.

Given the inconsistency and lack of corroboration findings, the adverse credibility determination is supported by substantial evidence. *See Xiu Xia Lin*, 534 F.3d at 165–66. That determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

Late-Filed Evidence

The IJ did not abuse his discretion or prejudice Yang by declining to admit her late-filed evidence. "[A]n IJ has broad discretion to set and extend filing deadlines," *Dedji*, 525 F.3d at 191, and when "an application or document is not filed within the time set by the [IJ], the opportunity to file that application or document shall be deemed waived," 8 C.F.R. § 1003.31(c). An IJ abuses his discretion in setting and enforcing deadlines for the submission of evidence "when '(1) his decision rests on an error of law . . . or a clearly erroneous factual finding or (2) his decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located

6

within the range of permissible decisions.'" *Dedji* 525 F.3d at 191–92 (quoting *Morgan v. Gonzales*, 445 F.3d 549, 551–52 (2d Cir. 2006)).

The IJ gave Yang more than two years and eight months to procure and submit supporting documentation. Indeed, the IJ gave Yang proper notice of the submission deadline at a July 2014 hearing at which Yang was present and represented by counsel. Additionally, the late-filed evidence was available or obtainable prior to the deadline and thus could have been timely filed. Contrary to Yang's argument, the IJ considered whether her substitution of counsel was good cause for the delay in submitting her documents and reasonably declined to find good cause because she had more than two years to submit evidence before the deadline and her subsequent substitution of counsel. The IJ further reasonably explained that the deadlines were required to manage the increasing caseload and large volume of document submissions in Immigration Court in an efficient and equitable manner. Accordingly, we find no abuse of discretion in the IJ's decision declining to admit Yang's late-filed evidence.

Nor was Yang prejudiced by the IJ's refusal to admit the late-filed documents. *Cf. Dedji*, 525 F.3d at 192–93 (finding

7

prejudice where the inconsistencies "could have been resolved in [petitioner's] favor" had the evidence been admitted).  As the IJ found, this evidence either did not address the record inconsistencies or created new inconsistencies that would have further impugned Yang's credibility.[1]  Accordingly, Yang was not prejudiced by the IJ's refusal to admit the documents.

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

---

[1] We note that the IJ admitted Yang's medical records into evidence, despite their untimely submission, because of the "considerable testimony and references made by the parties to the document." Certified Admin. Rec. at 51. These records form the basis of the inconsistency noted above regarding the number of times that Yang had been pregnant.